STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-46

REC-CUM~ 2/26/2004

SHAWN TURBIDE
        Plaintiff

2004 FEB 26 P 4: 21

v.

LINDA SKINNER
        Defendant.

ORDER ON PLAINTIFF'S
RULE 76D APPEAL

DONALD L. C_____T
LA_____Y

MAY 12 2004

## FACTUAL BACKGROUND

This case arises out of a dispute between Plaintiff Turbide, a self-employed roofing contractor, and Defendant Skinner, a homeowner. The dispute involves the obligation of Ms. Skinner to pay Mr. Turbide the balance of fees agreed to in a contract dated and entered into sometime between March 28, 2003 and April 1, 2003. See R. at 3. The contract calls for a total contract price of $2,485.26, with a down payment of $1,242.63 and $1,242.63 to be paid upon completion. See id. Ms. Skinner paid Mr. Turbide the initial $1,242.63, but refused to pay Mr. Turbide the remainder of the contract price. She asserts that Mr. Turbide is not entitled to payment, as she has had to contract with and hire another roofer to repair the poor work done by Mr. Turbide on her roof. See R. at 7. As a result, Mr. Turbide filed a small claims action against Ms. Skinner in the District Court.

At the District Court proceeding, the court determined that Mr. Turbide's workmanship was indeed inadequate and that Ms. Skinner had to expand the balance of the contract price to remedy the problem. See Turbide v. Skinner, POR-SC-03-433, Notice of Judgment (Me. Dist. Ct., Cum. Cty,. June 13, 2003) (Eggert, J.).

# DISCUSSION

## Standard of Review

Appeals taken from the District Court under Rule 76D are reviewed for errors of law. M. R. Civ. P. 76D. The District Court's findings of fact shall not be set aside unless clearly erroneous. Id. "A court's finding is clearly erroneous only if there is no competent evidence in the record to support it." Wrenn v. Lewis, 2003 ME 29, ¶ 13, 818 A.2d 1005, 1009 (citation and internal quotation omitted).

Here, there is competent evidence on the record to support Judge Eggert's determination. See e.g. R. at 3-4 (evidencing that a building inspector from East Baldwin found problems with Mr. Turbide's workmanship); R. at 7-8 & 10-14 (illustrating the parties' presentation of, and the court's review of, their respective photographs of the roofing job); R. at 9 (evidencing Defendant's presentation of evidence that Plaintiff's work caused a big buckle in the portion of roof above her porch, that the drip edge placed on Defendant's roof was inadequate, and that Plaintiff had not placed flashing where a kitchen window abuts the main roof).

## DECISION

Based upon the foregoing, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

Mr. Turbide's appeal is DENIED and the District Court's June 12, 2003 Judgment is AFFIRMED.

Dated at Portland, Maine this 26th day of February 2004.

_____
Robert E. Crowley
Justice, Superior Court

Date Filed __07-14-2003__ __Cumberland__ Docket No. __AP-03-46__
County

Action __Appeal from Lower Court__

SHAWN TURBIDE

LINDA SKINNER

vs.

Plaintiff's Attorney
(PRO SE)
Shawn Turbide
P.O. Box 2243
Biddeford, ME  04005

Defendant's Attorney
(PRO SE)
Linda Skinner
824 Sawyer Street
South Portland, ME  04106

Date of
Entry